IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JOSE BANUELOS RIOS; et al., | Civil No. 05-0019-CO |
| Plaintiffs, | FINDINGS AND RECOMMENDATION |
| v. | |
| FORD MOTOR COMPANY. | |
| Defendant. | |

COONEY, Magistrate Judge:

Plaintiffs brings this action following a motor vehicle accident which occurred in Mexico. Plaintiffs allege claims for wrongful death including strict product liability, negligence, and breach of implied warranty for merchantability and fitness for a particular purpose, and a claim for common law wrongful death. Plaintiffs seek non-economic damages, punitive damages, and attorney's fees and costs. This court has jurisdiction pursuant to 28 U.S.C. § 1332. Before the court is defendant's motion to dismiss for forum non conveniens (#5).[1]

---

[1] After the completion of briefing, and prior to the telephone hearing on defendant's motion, plaintiff submitted "Supplement of Authority Submitted in Opposition to Defendant's Motion to Dismiss for Forum Non Conveniens" (#45). After the hearing on the motion, defendant submitted "Additional Authority Submitted in Support of Ford's Motion to Dismiss for Forum Non Conveniens" (#47); plaintiff objected and responded on the merits to the

# I. BACKGROUND

Plaintiffs Jose Banuelos Rios,[2] Alejandro Banuelos Rios, Juan Antonio Banuelos Rios are citizens of the country of Mexico and are permanent U.S. residents who resided in Oregon at the time of the accident. Decedent plaintiffs Clemente Banuelos Chavez, Maria Rios Almaraz, and Marisa Banuelos Rios were permanent U.S. residents and citizens of the Mexico, who resided in Oregon at the time of their deaths.[3] The accident at issue occurred in January 2003 in Zacatecas, Mexico, when the Ford Expedition, driven by decedent plaintiff Clemente Banuelos Chavez, went out of control, left the road, and rolled over while plaintiffs were traveling in Mexico.

# II. LEGAL STANDARDS

The Supreme Court has determined that,

> a plaintiff's choice of forum should rarely be disturbed. However, when an alternative forum has jurisdiction to hear the case, and when trial in the chosen forum would "establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience," or when the "chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems," the court may, in the exercise of its sound discretion, dismiss the case.

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981) (quoting Koster v. (Am.) Lumbermens

---

authority cited by defendant. The court was aware of the cited case through its research; except for the issue cited, infra, the case is factually distinguishable since there, the parties involved in the vehicular accident were all Mexican citizens who resided in Mexico, and the vehicle and all vehicle-related documents, such as sale, registration, maintenance, and insurance records, were located in Mexico.

[2] Jose Banuelos Rios is personal representative of the estates of all decedents.

[3] Prior to the hearing on this motion, plaintiffs voluntarily dismissed with prejudice the claims of plaintiff beneficiaries Estela Banuelos Rios, Antonio Rios, and Juana Almaraz (## 42, 46).

Findings and Recommendation - Page 2

Mut. Cas. Co.. 330 U.S. 518, 524 (1947)); Dole Food Co. v. Watts, 303 F.3d 1104, 1118 (9th Cir. 2002). To guide trial courts in the exercise of their discretion, the Court has provided a list of "'private interest factors' affecting the convenience of the litigants, and a list of 'public interest factors' affecting the convenience of the forum." Piper Aircraft, 454 U.S. at 241; Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-09 (1947).

The party seeking dismissal on the basis of forum non conveniens bears the burden of establishing that an adequate alternative forum exists and that the balance of the relevant private and public interest factors favors dismissal. Dole Food, 303 F.3d at 1118; Cheng v. Boeing Co., 708 F.2d 1406, 1411 (9th Cir. 1983); Lueck v. Sundstrand Corp., 236 F.3d 1137, 1143-48 (9th Cir., 2001); Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 767 (9th Cir. 1991). Plaintiff's choice of forum should not be disturbed unless, in weighing the factors, "the balance is strongly in favor of the defendant." Gulf Oil, 330 U.S. at 508; Dole Food, 303 F.3d at 1118. In the Ninth Circuit, "*Forum non conveniens* is 'an exceptional tool to be employed sparingly, [not a] . . . doctrine that compels plaintiffs to choose the optimal forum for their claim.'" Dole Food, 303 F.3d at 1118 (quoting Ravelo Monegro v. Rosa, 211 F.3d 509, 514 (9th Cir. 2000)).

### III. DISCUSSION

Defendant contends that this action should be dismissed, based on the doctrine of forum non conveniens because plaintiffs are all citizens of Mexico, the vehicle accident for which they seek damages took place in Mexico, and the interests of justice are best served by dismissing the case and allowing it to proceed in Mexico. Defendant contends that the accident was investigated by Mexican officials, Mexican medical personnel treated plaintiffs,

and plaintiffs' decedents received medical attention and died in Mexico. (Erfle Aff. Exs. A, B.) Defendant contends that plaintiffs' choice of forum is only one consideration and that, other than the vehicle's Oregon registration and plaintiffs' assertion that they were residents of Oregon at the time of the accident, the accident has no connection to Oregon and limited connections to the United States. It argues that the court should dismiss this case on the ground of forum non conveniens because the accident giving rise to the claim occurred in Mexico, Mexico provides an adequate alternative forum for hearing the claim, and the balance of relevant private and public interest factors weigh in favor of the action being brought in Mexico.

Plaintiffs contend that defendant's motion should be denied as a matter of law because the only evidence offered by defendant (attached to counsel's affidavit) fails to compel a court to conclude that this litigation should be dismissed. Plaintiffs contend that their choice of forum is of paramount importance and defendant has failed to establish exceptional circumstances to divest plaintiffs of their forum selection. They contend that, at the time of the accident, they all permanently resided in their home in Medford, Oregon, and that they continue to reside in Medford, Oregon. They contend that the subject vehicle was purchased from Lithia Toyota in Medford and was manufactured in the U.S. and placed in commerce in the U.S., and was serviced, maintained, and repaired in Medford, and insured through a Medford insurance agent. Plaintiffs assert that the forum with the most substantial contacts is Oregon, and Oregon has a substantial interest in ensuring its permanent residents are adequately compensated for injuries and damages caused by defective and unreasonably dangerous products sold within its borders. They contend that, other than being the

Findings and Recommendation - Page 4

fortuitous location of the accident, Mexico has nothing to do with this litigation, and the substantive law of Oregon applies to this litigation.

As an initial matter, the court will address the matter of the deference accorded plaintiffs, who are citizens of Mexico and residents of Oregon. While defendant refers to plaintiffs as Mexican citizens, plaintiffs make clear in their papers that they are all permanent resident aliens domiciled in Oregon.[4] (Pls. Resp. Ex. 1 Jose Banuelos Rios Aff. ¶ 3; Exs. 7 & 8 Permanent Resident Cards.[5]) The Supreme Court has distinguished between "resident or citizen plaintiffs" and "foreign plaintiffs"; the Court has determined that "Citizens or residents deserve somewhat more deference than foreign plaintiffs," and a foreign plaintiff's choice of forum deserves less deference than a plaintiff who chooses the home forum. Piper Aircraft, 454 U.S. at 266 & nn.23, 24; see Abiaad v. General Motors Corp., 538 F. Supp. 537, 541 (E.D. Pa.), aff'd, 696 F.2d 980 (2d Cir. 1982) (for forum non conveniens purposes "no distinction is made by the court between a citizen and resident, and a resident who is not a citizen is not considered a foreign plaintiff"); *In Re* Bridgestone/Firestone, Inc., 305 F. Supp.2d 927, 930-31 & n.2 (S.D. Ind. 2004), vacated on another ground 420 F.3d 702 (7th Cir. 2005) (permanent resident aliens of United States residing in Texas considered as U.S. residents for purposes of motion to dismiss based on forum non conveniens (and citing 28 U.S.C. § 1332(a)[6]; 46 U.S.C. § 688(b)); see also Gemini Capital Group, Inc. v. Yap Fishing

---

[4] See note 3.

[5] Plaintiffs' permanent resident cards indicate that plaintiff Clemente Banuelos Chavez resided in the United States since 1990 and the remaining plaintiffs since 1999.

[6] The diversity statute, 28 U.S.C. § 1332, provides in pertinent part that, "For [diversity jurisdiction purposes], an alien admitted to the United States for permanent residence shall be

Findings and Recommendation - Page 5

Corp., 150 F.3d 1088, 1091 (9th Cir. 1998); Lueck, 236 F.3d at 1145.

The Ninth Circuit has found that, where the plaintiff is a U.S. citizen or resident, "the defendant must satisfy a heavy burden of proof." Leuck, 236 F.3d at 1143, 1145. "[A] plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum. . . . When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, the assumption is much less reasonable." Id. at 1143 (quoting Piper Aircraft, 454 U.S. at 256). However, the presence of U.S. citizens or residents as plaintiffs, in and of itself, is not sufficient to bar a district court from dismissing a case on the ground of forum non conveniens. Cheng, 708 F.2d at 1411 (and authorities cited).

**Availability and adequacy of forum**

Defendant contends that Mexico is an "available" forum because defendant will submit to the jurisdiction of Mexico, and it is an "adequate" forum because Mexico provides for numerous remedies which are analogous to the relief plaintiffs seek in this court. Plaintiffs respond that, on this threshold burden, defendant fails to prove that Mexico can and will accept jurisdiction over the subject matter of the lawsuit and all parties. Plaintiffs argue Mexico does not provide an adequate alternative forum because there is no guarantee that jurisdiction will be available over the Defendant, and "In fact, there is no jurisdiction over Ford Motor Company in Mexico. (Pls. Resp. at 11, citing Ex. 22 Pereznieto-Castro Decl.) Defendant replies that American courts have routinely found that Mexico is an available and adequate forum. In their surreply, plaintiffs contend that Mexico does not have jurisdiction

---

deemed a citizen of the State in which such alien is domiciled." 28 U.S.C. § 1332(a).

over a U.S. defendant who is not domiciled in Mexico and, thus, as a matter of law, Mexico is not an available alternate forum. They argue that defendant must not only submit to jurisdiction in the alternative forum but must show the forum's courts' acceptance of the case; and Mexican courts do not have jurisdiction over U.S. corporations, who are not domiciled in Mexico (citing Mexican cases attached to Pereznieto-Castro Decl.) In response to plaintiffs' surreply, defendant contends that defendant has met its burden of showing that Mexico is an available forum by submitting to the jurisdiction of Mexico; no binding precedent holds that Mexico is not an available forum; no *carte blanche* jurisdictional bar to lawsuits against American corporations exists in Mexico; if plaintiffs filed suit against Ford in the State of Zacatecas, Mexico, the courts could exercise jurisdiction over this case; and this court would not be the first to find that contrived Mexican court decisions do not affect the availability of Mexico as an alternative forum.

In support of their respective positions, defendant relies on the declarations of Jose M. Serna de la Garza attached to defendant's "Memorandum in Support of Motion to Apply the Laws of Mexico to Plaintiffs' Compensatory Damage Claims"[7] and to its Reply; plaintiffs rely on the declarations of Leonel Pereznieto-Castro attached to plaintiffs' response and to their surreply.

In the Ninth Circuit, "An alternative forum ordinarily exists when defendants are amenable to service of process in the foreign forum. A foreign forum is adequate when it provides the plaintiff with a sufficient remedy for his wrong." Dole Food, 303 F.3d at 1117

---

[7] Defendant's motion to apply the laws of Mexico (#8) has been held in abeyance by the court pending resolution of defendant's motion to dismiss (#11).

(citing Lueck, 236 F.3d at 1143 (citing Piper Aircraft, 454 U.S. at 254 n.22)); Lockman Found., 930 F.2d at 768 (and cases cited). The foreign forum must provide "some remedy" for a plaintiff's wrong in order for the forum to be adequate. Lueck, 236 F.3d at 1143. "[I]t is only in 'rare circumstances . . . where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all,' that this requirement is not met." Id. (quoting Lockman Found., 930 F.2d at 768).

Here, defendant represents through counsel that it "will submit to the jurisdiction of a Mexican court should Ford's motion [to dismiss] be granted, and Plaintiffs choose to refile this matter in the proper court in Mexico." (May 2, 2005, Erfle Aff.) The Ninth Circuit has found that the threshold test was satisfied where defendants indicated that they were amenable to service of process in the foreign forum. Lueck, 236 F.3d at 1143; Lockman Found., 930 F.2d at 768.

Plaintiffs, however, argue that the alternative forum is inadequate as a matter of law. Relying on their Mexican law expert, plaintiffs argue that there is no jurisdiction over defendant in Mexico because Mexican courts do not have jurisdiction over U.S. corporations who are not domiciled in Mexico. They assert, therefore, that defendant's stipulation that it will submit to the jurisdiction of the Mexican courts does not assist it because such stipulation does not give the Mexican court jurisdiction over defendant, who is a non-resident U.S. corporation. Plaintiffs refer to Mexican court opinions which they represent determined that the Mexican trial court did not have jurisdiction over the U.S. defendants who were not domiciled in Mexico, notwithstanding the fact that the U.S. defendant consented to the

Findings and Recommendation - Page 8

jurisdiction of Mexico.[8] Defendant argues that plaintiffs' assertion through their Mexican law expert is incorrect and is, at best, a half-truth; it relies on the declaration of its Mexican law expert in support of its position that the Mexican court in Zacatecas would have jurisdiction over this action. Defendant argues that reference to Mexican court opinions is not necessary, and that it sustains its burden of showing the availability of the Mexican court by submitting to the jurisdiction of the Mexican courts.

The parties each offer opinions by Mexican law experts which differ as to whether a Mexican court would assume jurisdiction over this matter if it were brought in Mexico. Like the court in Juanes v. Continental Tire North America, Inc., No. 05-4015-JLF, 2005 WL 2347218, at *2 (S.D. Ill. Sept. 26, 2005), the court cannot resolve this disputed issue of Mexican law. Inasmuch as defendant has agreed to submit to the jurisdiction of the Mexican courts, it would appear that Mexico is an available forum. See Lueck, 236 F.3d at 1143; Lockman Found., 930 F.2d at 768. If the court finds, based on the balancing of the private and public interest factors, discussed infra, that dismissal is warranted because Mexico is a more convenient forum, it will include a "return jurisdiction" provision, requested by plaintiffs, which would allow plaintiffs to return to this court if Mexico does not assume jurisdiction, see, e.g., Contact Lumber Co. v. P.T. Moges Shipping Co., 918 F.2d 1446, 1448 (9th Cir. 1990); Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 675 (5th Cir. 2003).

Defendant shows that Mexico is an adequate forum by the fact that Mexico allows recovery for personal injury and wrongful death. Plaintiffs contend that Mexico does not

---

[8] These opinions are attached to the July 7, 2005, Pereznieto-Castro Declaration attached as Ex. 1 to plaintiffs' surreply.

Findings and Recommendation - Page 9

provide an adequate remedy because products liability claims, crashworthiness, and/or breach of implied warranty claims are not recognized under Mexican law. However, while Mexico does not provide the same remedies as permitted in this court, Mexico provides "some remedy," for plaintiffs' wrongs, Lueck, 236 F.3d at 1143, and plaintiffs do not argue that they will not receive any remedy in a Mexican court.

**Private interest factors**

Defendant contends that the private interest factors weigh heavily in favor of dismissal, citing Lueck, 236 F.3d at 1145-48, as a recent case with similar facts in which the Ninth Circuit determined that the private interest factors weighed in favor of dismissal. Defendant argues that the residence of the parties and witnesses weighs in favor of dismissal; the relative ease of access to sources of proof weighs in favor of dismissal; compulsory process for attendance of unwilling witnesses and the costs of bringing witnesses to place of trial weighs in favor of dismissal; and the possibility of viewing the premises weighs in favor of dismissal. Plaintiffs respond that the private interest factors do not demonstrate that it is clearly more convenient for this case to be heard in a Mexican court. They argue that Oregon is the state with the most significance to the parties, the vehicle, and the issues to be decided; access to documents clearly weighs in favor of having this case heard in this court, including the fact that translating fact-based documents from Spanish to English is much less than the difficulty of translating technical documents from English to Spanish, and many of the documents would not be admissible in Mexican courts; it is unlikely that the trial would be held in a court near the accident scene or that the judge would consider viewing the scene;

the vehicle is available to defendant in the U.S.[9]; additional costs will be borne by plaintiffs, not defendant; it will not be convenient for plaintiffs to enforce a judgment obtained in a Mexican court; and the attorneys and firms that plaintiffs have chosen to pursue their case would be unable to continue that representation. Defendant replies that the difficulty in accessing physical evidence and relevant testimony weighs in favor of a Mexican forum; defendant has already located dozens of witnesses and sources of records in Mexico; post-accident links to Oregon have no bearing on venue analysis; and the state of Oregon has no "private interest" in this litigation. In plaintiffs' surreply, they argue that they have maintained their permanent residence in Medford, Oregon; and the overwhelming majority of witnesses and documents are in the U.S. Defendant responds to plaintiffs' surreply, contending that plaintiffs' alleged Oregon residency is insufficient to cause the balance of interests to weigh in plaintiffs' favor; plaintiffs' presence in Mexico was intentional and voluntary and not fortuitous, giving Mexico a substantial interest in applying its law; and plaintiffs' contention regarding the location of witnesses and documents is unpersuasive.

> The private interest factors to be considered by the court include:
>
> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the costs of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) "all other practical problems that make trial of a case easy, expeditious and inexpensive."

Lueck v. Sundstrand Corp., 236 F.3d 1137, 1145 (9th Cir. 2001) (citing Gulf Oil, 330 U.S. at 508; Contact Lumber, 918 F.2d at 1449). In the Ninth Circuit, the district court should not

---

[9] Plaintiffs state that the vehicle is in Oklahoma City, Oklahoma.

Findings and Recommendation - Page 11

look to the number of witnesses or quantity of evidence in each forum, but should evaluate "'the materiality and importance of the anticipated [evidence and] witnesses' testimony and then determine [] their accessibility and convenience to the forum." Lueck, 236 F.3d at 1146 (quoting Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1335-36 (9th Cir. 1984)).

As the court has already determined, all plaintiffs are permanent residents domiciled in Oregon, and are not foreign plaintiffs who would be entitled to less deference than U.S. residents or citizens. Defendant is a Delaware corporation, doing business in Oregon. Clearly, considering the parties' residences only and the convenience to the litigants, Oregon would be a convenient forum for both parties for litigation of this action, whereas litigating in Mexico would be inconvenient to both parties.

As to other witnesses, defendant states that it will require testimony from Mexican witnesses to the accident, testimony from Mexican law enforcement officials, and testimony from Mexican emergency response and medical personnel, and that allowing live witness testimony from these witnesses greatly outweighs any inconvenience to plaintiffs having to pursue this litigation in Mexico. Plaintiffs state that, because this is a products liability case, the vast majority of testimony will come from fact and expert witnesses who are English-speaking and reside in the United States, including themselves, witnesses relating to the servicing, repairs, and maintenance of the vehicle, witnesses related to the tire purchase, and the purchase of the vehicle, all of whom are located in Oregon. They also state they will present witnesses to testify about other similar incidents of the failure of identical and/or substantially similar vehicles designed by defendant. Plaintiffs offer the affidavit of Donald Friedman, an engineer who states he is knowledgeable in the design and manufacture of Ford

Findings and Recommendation - Page 12

Expedition vehicles, who identifies by name certain Ford employees who would have relevant and important information relating to plaintiffs' claim that the vehicle was defective in certain respects and testify as to the design and manufacturing issues and defendant's knowledge of the vehicles performance; and Ford employees who have knowledge as to the restraint system. While defendant states that it will require testimony from Mexican witnesses to the accident, testimony from Mexican law enforcement officials, and testimony from Mexican emergency response and medical personnel, it offers no evidence or specific information in support of its motion regarding the names of these witnesses and testimony, the witnesses' residences, or whether they would be unwilling to provide deposition testimony or to appear at trial in Oregon. In its reply, defendant belatedly identifies certain witnesses who investigated the accident scene, and witnesses to plaintiffs' medical injuries and decedent plaintiffs' autopsies. On this record, the court finds that this factor weighs in favor of retaining the case.

Defendant states that it will seek to introduce evidence to prove lack of causation and contributory negligence which requires proof from Mexico, including Mexican witnesses to the accident, Mexican accident investigation reports and testimony from Mexican officials, and Mexican health and treatment records and testimony from medical personnel. It states that, unlike the design evidence which is in its control and can be made available in either forum, it requires evidence relating to the performance of the vehicle and accident facts and this evidence will be unobtainable in a United States forum. Defendant asserts that it will be prejudiced by the limited reach of this court's subpoena power outside the United States. Plaintiffs assert that this document evidence is insignificant in comparison to the hundreds of

thousands of documents in defendant's corporate files. Plaintiffs assert that translating fact-based documents such as defendants might require is much less difficult than translating technical documents.

Evidence relating to the accident scene and subsequent investigation and medical records is located in Mexico. While it seems clear that a view of the accident scene, if necessary, would favor a Mexican forum, plaintiffs point out that this presumes that trial would be held in a court near the accident site, juries rarely visit an accident site, and there is nothing about this case which would make a viewing necessary or helpful. The vehicle is located in Oklahoma, which favors Oregon as the forum for trial.[10] Documents and witnesses relating to the design and manufacture of the vehicle, including the restraint system are located in the United States. Evidence as to causation is located in both the United States and Mexico, as is evidence of damages. The record includes the highway patrol report of the accident, the wrecker service report, the Mexican Attorney General's report, decedent plaintiffs' death certificates and autopsy reports–all of which have been translated from Spanish into English. Plaintiffs offer evidence from an engineer, Mr. Friedman, who states in his affidavit that, in other cases involving the rollover of Ford Expedition vehicles, Ford had produced several hundreds of thousands of pages of documents regarding the development, testing, and performance of the Ford Expedition in English, and that translation of technical documents is likely to result in inaccurate translated documents due to the difficulty in translating technical and engineering terms and concepts from one language to another. (Pls.

---

[10] Defendant brings its motion on the assumption that the vehicle is located at the wrecker service in Zacatecas, Mexico. It contends that the location of the vehicle wreckage is of far greater import than a view of the accident scene.

Resp. Ex. 24 Friedman Aff. at 2.) And while it is true that this court cannot compel production in Oregon of witnesses or documents which are not in the parties' control in the United States, see Lueck, 236 F.3d at 1146-47; Bridgestone/Firestone, 305 F. Supp.2d at 935 (and cases cited), the parties have available letters rogatory through which they may obtain witness testimony in the form of video depositions of Mexican witnesses, see Bridgestone/Firestone, 305 F. Supp.2d at 935 (and cases cited); Pls. Resp. Ex. 22 Pereznieto-Castro Decl. at 7-8. Defendant asserts that the use of the letters rogatory procedure is time consuming and expensive, and that depositions are an inadequate substitute for live testimony. Defendant also asserts that, even if the Mexican witnesses voluntarily travel to Oregon for trial, such costs greatly outweigh the costs that would be incurred if the trial were held in Mexico. However, in discussing this factor, defendant does not consider the costs of the relatively few Mexican witnesses traveling to Oregon to testify versus the costs of the apparently numerous witnesses traveling from the United States to Mexico.

Defendant does not discuss the factor of the enforceability of a judgment, but plaintiffs note that defendant has not offered to post a bond or make funds available to make it convenient for plaintiffs to enforce a judgment once it is obtained. Plaintiffs also assert that, as a practical matter, if this case was dismissed in favor of a Mexican forum, the attorneys and firms that plaintiffs have chosen to pursue their case would be unable to continue that representation, and it would be inconvenient and burdensome to plaintiffs to find alternate counsel to pursue these claims in Mexico.

The court finds that the private interest factors do not weigh enough to favor dismissal.

**Public interest factors**

Defendant contends that, as to the public interest factors, this case will needlessly burden the docket of the transferor court; this case will require Oregon citizens to sit as jurors with no interest or connection to the instant litigation; the District of Oregon will have to apply Mexican law; and foreign law should be applied by foreign courts familiar with that law to avoid the inherent difficulties of applying foreign law. Plaintiffs respond that the impact of this case on this court's docket is minimal; Oregon has an interest in and connection to defendant; there is little question but that federal procedural and Oregon substantive law will control this litigation and not Mexican law as defendant argues; Mexico has little interest in hearing this case or in applying its law unless a citizen of its own jurisdiction is a defendant in the action. Defendant replies that any "public interest" by Oregon is outweighed by the burden this litigation would place on the forum; this case will have a significant impact on the court's docket and will divert the court's resources and time; and defendant's motion is sufficiently supported by all the evidence Ford could reasonably gather in a few weeks' time.

The public interest factors to be considered by the court include: "(1) local interest of lawsuit; (2) the court's familiarity with governing law; (3) burden on local courts and juries; (4) congestion in the court; and (5) the costs of resolving a dispute unrelated to th[e] forum." Lueck, 236 F.3d at 1147 (citing Piper Aircraft, 454 U.S. at 259-61; Gulf Oil, 330 U.S. at 508-09).

Oregon has a substantial relation to this action: plaintiffs are permanent residents of Oregon; defendant, an American corporation, does business in Oregon; the vehicle involved in the accident was designed and manufactured in the United States, sold to plaintiffs in

Oregon, and serviced, maintained, and insured in Oregon. Oregon clearly has an interest in providing a remedy for its residents who are injured by American-manufactured products. While Mexico has some interest in this action since the accident took place there and involved Mexican citizens, plaintiffs did not at the time of the accident, and do not now, reside in Mexico, but are permanent residents of the United States and have resided here for several years prior to the accident; the fatal accident occurred while plaintiffs were traveling in Mexico. Plaintiffs offer evidence that Mexico has no interest in applying its laws unless a citizen of its own jurisdiction is a defendant in the action, even though the accident occurred in Mexico, (Pls. Resp. Ex. 22 Pereznieto-Castro Aff. at Par. 26).

As to retaining the matter in this court, defendant does not argue that trial in Mexico would be any speedier than in this court. See Gates Learjet, 743 F.2d at 1337 (and cases cited). The retention of one case is not unduly burdensome to this court.

The court need not decide at this time the issue of whether Mexican or federal/ Oregon law applies, see Leetsch v. Freedman, 260 F.3d 1100, 1103 (9th Cir. 2001) (citing Lueck, 236 F.3d at 1148 n.5), but it appears that, under the significant relationship test utilized in a choice of law analysis, 389 Orange St. Partners v. Arnold, 179 F.3d 656, 661 (9th Cir 1999) (and authorities cited); Casey v. Manson Constr. & Eng'g Co., 247 Or. 274, 287-88 (1967), Mexican law would only apply to the extent of applying Mexico's driving and speed laws to certain issues in this case. Should it develop that Mexican law applies, this court is capable of applying foreign law if required, as defendant acknowledges.

The court finds that the public interest factors do not weigh in favor of dismissing this case.

**Conclusion**

On this record, the court finds that defendant has not shown that, in weighing the conveniences to the parties, the balance of factors strongly favors dismissing this action in favor of a Mexican forum. Accordingly, defendant's motion to dismiss based on forum non conveniens should be denied.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that defendant's motion to dismiss for forum nonconveniens (#5) be denied.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** **Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.** ***The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten days within which to file a response to the objections***. **Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.**

DATED this ___2___ day of December, 2005.

_____/s/_____
UNITED STATES MAGISTRATE JUDGE