IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSE BANUELOS RIOS; et al.,                                    Civil No. 05-0019-CO

       Plaintiffs,                                    FINDINGS AND RECOMMENDATION

       v.

FORD MOTOR COMPANY.

       Defendant.

COONEY, Magistrate Judge:

Plaintiffs, citizens of Mexico and permanent United States residents residing in Oregon, allege that they left their residence in Oregon for an excursion to Mexico and, while traveling in Mexico, the Ford Expedition in which they were traveling went out of control, left the road, and rolled over, causing injuries resulting in the deaths of decedent plaintiffs Clemente Banuelos Chavez, Maria Rios Almaraz, and Marisa Banuelos Rios, and personal injuries to plaintiffs Jose Banuelos Rios,[1] Alejandro Banuelos Rios,

---

[1] Plaintiff Jose Banuelos Rios is personal representative of the estates of all decedent plaintiffs.

Juan Antonio Banuelos Rios.[2]  Plaintiffs allege claims for wrongful death including strict product liability, negligence, and breach of implied warranty for merchantability and fitness for a particular purpose, and a claim for common law wrongful death.  Plaintiffs seek non-economic damages, punitive damages, and attorney's fees and costs.  This court has jurisdiction pursuant to 28 U.S.C. § 1332.  Before the court is defendant's motion to apply the laws of Mexico to plaintiffs' compensatory damages claims (#8).

## I. **LEGAL STANDARDS**

When the question of choice of law is at issue,

> A federal court sitting in diversity applies the substantive law of the forum state, including the forum state's choice of law rules, Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487 [] (1941), as it believes the highest court of the state would apply it, Jones-Hamilton Co. v. Beazer Materials & Services, Inc., 973 F.2d 688, 692 (9th Cir. 1992).

Konecranes, Inc. v. Sinclair, 340 F. Supp.2d 1126, 1129-30 (D. Or. 2004); Boydstun Metal Works, Inc. v. Parametric Tech. Corp., No. CIV. 99-480-AS, 1999 WL 476265, at *3 (D. Or. May 19, 1999).

On choice of law issues, Oregon applies a two-step analysis, Frosty v. Textron, Inc., 891 F. Supp. 551, 556 (D. Or. 1995):

> Under Oregon law, the court must determine whether there is an

---

[2] Plaintiffs have voluntarily dismissed with prejudice the claims of plaintiff beneficiaries Estela Banuelos Rios, Antonio Rios, and Juana Almaraz (#42, #46).

Findings and Recommendation - Page 2

actual conflict of law on the disputed issue; if not, Oregon law applies. <u>Cropp v. Interstate Distrib. Co.</u>, 129 Or.App. 510 515-16 [] (dissenting opinion), <u>rev. denied</u>, 320 Or. 407 [] (1994). Next, the court must determine whether both states have substantial interests in having their laws applied.  If not, there is no choice of law issue, and the court applies the law of the one state with substantial interests.  <u>Dabbs v. Silver Eagle Mfg. Co.</u>, 98 Or.App. 581, 583-84 [], <u>rev. denied</u>, 308 Or. 608 [] (1989).  If both states have substantial interests, the Oregon Supreme Court has adopted the "most significant relationship" approach of the Restatement (Second) Conflicts of Law [sic]. <u>Erwin v. Thomas</u>, 264 Or. 454, 456 [] (1973).

<u>Rice v. United Parcel Serv. Gen. Servs. Co.</u>, 43 F. Supp.2d 1134, 1140-41 (D. Or. 1999).

The "most significant relationship" rule as set out in the Restatement (Second) of Conflict of Laws (1971) (Restatement) applies to tort actions.[3]

---

[3] The Restatement is not the law of Oregon; however, the Restatement provides guidelines to Oregon courts in resolving choice of law issues.  <u>Frosty</u>, 891 F. Supp. at 557 n.4; <u>Boydstun</u>, 1999 WL 476265, at 3 n.1; <u>see</u> <u>Summers v. Interstate Tractor & Equipment Co.</u>, 466 F.2d 42, 47 (9th Cir. 1972).  The Restatement § 145, entitled "The General Principle," provides:
> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>     (a) the place where the injury occurred,
>     (b) the place where the conduct causing the injury occurred,
>     (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>     (d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Findings and Recommendation - Page 3

Casey v. Manson Constr. & Eng'g Co., 247 Or. 274, 287-88 (1967); Erwin v. Thomas, 264 Or. 454, 455-56 (1973); Boydstun Metal Works, 1999 WL 476265, at *3.

> The courts consider a number of factors in determining which state has the most significant relationship with the occurrence and the parties: 1) the place where the injury occurred; 2) the place where the tortious conduct occurred; 3) the domicile, nationality, place of incorporation, and place of business of the parties; and 4) the place where the relationship, if any, between the parties is centered.

W. Helicopter Servs., Inc. v. Rogerson Aircraft Corp., 728 F. Supp. 1506, 1511 (D. Or. 1990) (citing Casey, 247 Or. at 279); Curtis v. Ryder TRS, Inc., No. CIV. 98-1054-KI, 2000 WL 1474518, *2-*3 (D. Or. Oct. 4, 2000), rev'd on another ground by, 43 Fed. Appx. 103 (9th Cir. 2002); see Summers v. Interstate Tractor & Equipment Co., 466 F.2d 42, 47-48 (9th Cir. 1972) (citing

---

The Restatement § 6, entitled "Choice-of-Law Principles," provides:
   (1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law.
   (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include
      (a) the needs of the interstate and international systems,
      (b) the relevant policies of the forum,
      (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
      (d) the protection of justified expectations,
      (e) the basic policies underlying the particular field of law,
      (f) certainty, predictability and uniformity of result, and
      (g) ease in the determination and application of the law to be applied.

Findings and Recommendation - Page 4

Casey, 247 Or. 274, and applying Oregon law).

## II. DISCUSSION

Defendant seeks a ruling that plaintiffs' claims for compensatory damages be governed by and decided under the substantive law of Mexico. Defendant contends that plaintiffs are citizens of Mexico and they are seeking damages as a result of a vehicle accident that took place in the state of Zacatecas, Mexico. Defendant contends that Mexico has the most significant relationship with plaintiffs and the facts leading up to this lawsuit, and Oregon lacks any significant relationship with the parties or events alleged in the complaint. Specifically, defendant contends that the factual considerations of Restatement § 145 point to Mexican law because the injuries occurred in Mexico; the conduct allegedly causing the injuries did not occur in Oregon; plaintiffs' citizenship points to the law of Mexico; and there is no relationship between the parties. It also contends that the policy considerations of Restatement § 6 point to Mexican law because Mexico has the strongest policy interest in the outcome of this controversy; and certainty, predictability, and uniformity of result point to Mexican law.

Plaintiffs respond that they are permanent resident aliens of the United States who, at the time of the subject crash, all permanently resided in their home in Medford, Oregon; they intended to return to their permanent

Findings and Recommendation - Page 5

residence in Medford, Oregon, after a vacation in Zacatecas, Mexico, and the subject crash occurred when they were traveling back to their permanent residence in Medford, Oregon; the surviving plaintiffs continue to reside in the family's permanent domicile in Medford, Oregon; and the subject Ford vehicle was purchased, garaged, serviced, maintained, repaired, and insured in Medford, Oregon.  Plaintiffs contend that the forum with the most substantial contacts with this case is Oregon.  They contend that Oregon has a substantial interest in ensuring that its permanent residents are adequately compensated for their injuries and damages caused by defective and unreasonably dangerous products sold within its borders which injure permanent residents of Oregon.  Plaintiffs contend that, other than being the fortuitous location of the subject crash, Mexico has nothing to do with this litigation because it has no interest in the claims being pursued by permanent resident aliens of the United States who are permanently domiciled in Oregon, and it has no interest in applying its laws to the Oregon litigation. Plaintiff contends that defendant fails in its burden to establish that there is a true conflict between Oregon and Mexican law and, thus, Oregon law applies.  They contend that, assuming defendant has met its burden of establishing that a true conflict exists, Mexico has no interest in having its law applied to this action and, thus, Oregon law applies; and if both Oregon and

Mexico have an interest in applying their law to this case, Oregon clearly has the most significant relationship to the parties, the claims, and the litigation.

Defendant replies that actual conflicts exist between Oregon law and Mexican law; Mexico, as the place of injury, has the most significant relationship to this accident under Oregon's choice of law analysis because Oregon's choice of law rules presume that Mexican law will apply; plaintiffs' presence in Mexico was intentional and voluntary, not fortuitous, and cases applying Oregon's choice of law rules do not undermine the significance of the place of injury; Mexico has other significant interests in addition to being the place of the crash; and the interests of Oregon or other states do not outweigh the interests of Mexico in applying its law to this dispute.

While defendant does not support its motion by showing that a conflict of laws exists here, it is clear from the record that a conflict exists between Oregon and Mexico as to plaintiffs' tort claims for compensatory damages.[4] See Def. Mem. Ex. 1 Serna de la Garza Decl; Pls. Ex. 22 Pereznieto-Castro Decl.[5]).

---

[4] This issue was discussed in detail on defendant's motion to dismiss for forum non conveniens.

[5] The Pereznieto-Castro declaration referred to by plaintiffs in their opposition to defendant's motion is attached to plaintiff's memorandum in opposition to defendant's motion to dismiss for forum non conveniens (#26).

Findings and Recommendation - Page 7

In addressing defendant's motion to dismiss for forum non conveniens, this Court determined that,

> Oregon has a substantial relation to this action: plaintiffs are permanent residents of Oregon; defendant, an American corporation, does business in Oregon; the vehicle involved in the accident was designed and manufactured in the United States, sold to plaintiffs in Oregon, and serviced, maintained, and insured in Oregon. Oregon clearly has an interest in providing a remedy for its residents who are injured by American-manufactured products. While Mexico has some interest in this action since the accident took place there and involved Mexican citizens, plaintiffs did not at the time of the accident, and do not now, reside in Mexico, but are permanent residents of the United States and have resided here for several years prior to the accident; the fatal accident occurred while plaintiffs were traveling in Mexico. Plaintiffs offer evidence that Mexico has no interest in applying its laws unless a citizen of its own jurisdiction is a defendant in the action, even though the accident occurred in Mexico, (Pls. Resp. Ex. 22 Pereznieto-Castro Aff. at Par. 26).

(#49 Findings and Recommendation at 16-17, adopted by #51 Order.)

In arguing that the Court should apply the laws of Mexico to plaintiffs' claims, defendant focuses on the fact that plaintiffs are Mexican citizens, and that the accident occurred in Mexico, which it argues is dispositive in this case.

It is true that all plaintiffs are citizens of Mexico. However, defendant overlooks the fact that all plaintiffs are permanent United States residents

who were domiciled and residing in Oregon at the time of the accident,[6] and had been for several years before the accident. Following court decisions which have discussed this factor, this Court places significance on the state of the domicile and residency of plaintiffs, rather than the country of which plaintiffs are citizens but in which they were not residing at the time of the accident.

Under the most significant relationship rule, "the place of injury is not necessarily determinative of the substantive law which will be applied in a tort action. Rather, the court is to apply the 'local law of the state which has the most significant relationship with the occurrence and with the parties.'" Boydstun Metal Works, 1999 WL 476265, at *3 (quoting Casey, 247 Or. at 278); see Restatement § 146 (personal injury), § 175 (wrongful death). Defendant contends that Mexico, as the place of the crash, is the jurisdiction with the dominant interest. Plaintiffs contend that the crash occurred when they were traveling through Mexico on their way back to their permanent residence in Medford, Oregon, and Mexico is merely the fortuitous site of the crash. Defendant argues that plaintiffs voluntarily and intentionally went to Mexico in their Ford vehicle and, therefore, the place of injury cannot be

---

[6] Although some plaintiffs are deceased, the Court will refer to all plaintiffs in the present tense for ease of discussion.

Findings and Recommendation - Page 9

discounted as fortuitous.

In Casey, 247 Or. at 288, the wife of a worker permanently injured in Washington, both of whom were Oregon residents, filed an action against Washington defendants who did business in Oregon, for loss of consortium due to the alleged negligence of defendants in constructing and failing to maintain the road which failed, injuring her husband. The Casey court determined that there was "nothing fortuitous" about the place of the accident, because "it could not have happened anywhere except on the negligently constructed and maintained road in the State of Washington." Id. (citing Tramontana v. S. A. Empresa De Viacao Aerea Rio Grandense, 350 F.2d 468, 472 (D.D.C. 1965) (decedent could not have been killed except in Brazil)), The Casey court noted, in contrast, that the most dramatic instance of fortuitousness "is the case where 'an airplane is forced off its course and crashes in a state or country that was not on its route.'" 247 Or. at 289 n.6, 290 (quoting Wilcox v. Wilcox, 133 N.W.2d 408, 414 (Wis. 1965)). The court determined that the law of Washington should govern.

The cases of Summers, 466 F.2d 42, decided by the Ninth Circuit and applying Oregon law, and Myers v. Cessna Aircraft Corp., 275 Or. 501 (1976), appear closest to the facts of this case. In Summers, decedent was killed in Washington when the company truck he was driving failed due to allegedly

Findings and Recommendation - Page 10

defective steering. Decedent and his family were Oregon residents at the time decedent died in Washington, and defendant was on Oregon company which leased the truck in Oregon and used it on its job site in Washington. The Ninth Circuit determined that, "The fact that the accident occurred [in Washington where the truck failed to function properly] was not a mere fortuitous circumstance, since Summers' employer had been working at this Washington construction site for several months and decedent had been employed there for six weeks immediately prior to the accident." 466 F.2d at 49. The Ninth Circuit found that the district court had correctly determined that an Oregon court would apply Washington law. See W. Helicopter Servs., 728 F. Supp. at 1512 (products liability action filed in Oregon by Oregon residents against Oregon residents; helicopter crash in Oregon not fortuitous; applying Oregon law).

In Myers, an airplane in which decedent was a passenger crashed in British Columbia. Decedent and his family were residents of Oregon; defendant corporation had its principal place of business in Washington; the aircraft was owned and chartered in Oregon; and the flight originated in Oregon, its destination was British Columbia, and decedent was to return to Oregon. Plaintiff alleged claims for negligence and strict liability for a faulty modification of the aircraft. The court found that the only relationship British

Findings and Recommendation - Page 11

Columbia had to the action was the "entirely fortuitous event that it happened to be the site of the crash." 275 Or. at 516. The court determined that the trial court had not erred in applying Oregon law. See Frosty, 891 F. Supp. at 557 & n.5 (products liability action filed in Oregon by Oregon resident against non-resident defendants; helicopter crash in Washington fortuitous, although decedent sometimes flew in Washington; applying Oregon law); Curtis, 2000 WL 1474518, at *2-*3 (products liability action filed in Oregon by plaintiff who lived in Tennessee immediately prior to accident; accident in Colorado fortuitous; applying Tennessee law); see also DeFoor v. Lematta, 249 Or. 116, 120-22 (1968); Tower v. Schwabe, 284 Or. 105, 109-10 (1978).

The court finds that this case is more like the facts in Myers than in Summers. Summers is distinguishable because there the truck that failed was a company truck used at the work site by workers, including decedent. Similar to the facts in Casey, the accident which occurred in Summers could not have happened except in Washington where workers used the truck at the site. See Allison v. ITE Imperial Corp., 928 F.2d 137 (5th Cir. 1991) (Tennessee law applied where Mississippi resident sent to Tennessee by employer was injured when circuit breaker he was working on exploded); Jaurequi v. John Deere Co., 986 F.2d 170 (7th Cir. 1993) (Missouri law applied where Spanish citizen sent to Missouri from Texas by employer was injured

Findings and Recommendation - Page 12

while using farm machinery); Blakesley v. Wolford, D.D.S., 789 F.2d 236 (3d Cir. 1986) (Texas law applied in medical malpractice action where Pennsylvania resident traveled to Texas to have operation in Texas); Spinozzi v. ITT Sheraton Corp., 174 F.3d 842 (7th Cir. 1999) (Mexican law applied in negligence action where Illinois resident traveled to Mexico and was injured when he fell into pit on hotel grounds); Tonkon v. Denny's, Inc., 650 F. Supp. 119 (E.D. Pa. 1986) (Mexican law applied where Pennsylvania resident traveled to Mexico and was injured on sidewalk outside restaurant. That is not the situation in this case. Here, similar to the facts in Myers, Oregon residents originated a trip in Oregon for a vacation, intending to return to Oregon, and the injuries and/or deaths, which occurred due to alleged defects in the vehicle, could have occurred anywhere en route but happened to occur in Mexico at the destination, see Frosty, 891 F. Supp. at 557, supra; unlike the cases cited supra, there was nothing about the site of the accident that contributed to the cause of the crash or plaintiffs' injuries and/or death.

Under the cases applying Oregon choice of law rules, the fact that plaintiff's entered Mexico intentionally and voluntarily does not appear to enter into the analysis. Defendant's cases in this regard are all out of circuit. The additional facts asserted by defendant, such as the fact that plaintiffs obtained a permit to take the vehicle into Mexico or the fact that decedents

Findings and Recommendation - Page 13

were buried in Mexico, therefore, do not affect the court's analysis.

Under plaintiffs' complaint allegations based on a theory that the Ford vehicle was defective, the place where the conduct causing the injury occurred is Michigan where the vehicle was designed and assembled, (Def. Mem. Ex. 2 Ruth Aff.).  However, defendant asserts that it is entitled to have its contentions considered that the accident was caused by driver error and dangerous conditions and not by a defective product.  Defendant contends that the complete body of conduct must be considered in determining the location of the wrongdoing and, considering its defensive allegations, Mexico has the most significant relationship. The cases cited by defendant do not support its argument.  The Fifth Circuit in <u>Vasquez v. Bridgestone/Firestone, Inc.</u>, 325 F.3d 665 (5th Cir. 2003), in its forum non conveniens analysis, found that plaintiffs there reached too far back in the causal chain, relying on design, which occurred in the United States, whereas the production, sale, and alleged failure of the tires occurred in Mexico.  The court noted that plaintiffs' attempt to limit the cause ignored their own alternative theories of improper maintenance and careless driving, and found that, for purposes of the forum non conveniens analysis, plaintiffs could not present only one of multiple theories for the sole purpose of gaining a favorable forum.  <u>Id.</u> at 674.  The court then went on to discuss choice of law.   Nor does the Court

Findings and Recommendation - Page 14

find that <u>Lazard Freres & Co. v. Protective Life Ins. Co.</u>, 108 F.3d 1531 (2d Cir. 1997), supports defendant's argument.  There, the New York district court had concluded that New York law applied to plaintiff's claim for breach of contract.  The Second Circuit considered the issue of whose law governed defendant's affirmative defense of fraud in the inducement, which resembled a tort.  Reviewing New York law, it concluded that New York law controlled the entirety of the breach of contract claim, including the affirmative defense of fraud in the inducement and its elements.  <u>Id.</u> at 1539-41.  These cases offer no support to defendant's argument that its defensive theories should be considered by the court in determining which law governs plaintiff's product liability claims.  See <u>Myers</u>, 275 Or. at 503-04, 514-516 (action by Oregon residents for negligence and strict liability arising from alleged faulty modifications of airplane which crashed in British Columbia; defendant's theory that the accident was due solely to pilot error did not enter into court's choice of law analysis).

 The Court agrees with defendant that there is no place that any relationship between the parties is centered.  See Restatement § 145(2).

 In summary, plaintiffs, who are Mexican citizens, were domiciled and permanent United States residents residing in Oregon at the time of the vehicle crash. Defendant is a Delaware corporation doing business in Oregon,

Findings and Recommendation - Page 15

with its principal place of business in Michigan.[7]  On the facts of this case, the crash of plaintiffs' Ford vehicle in Mexico was fortuitous.  Michigan is the place where the conduct causing the injury occurred.

While Mexico has some interest in applying its laws to plaintiffs' claims, since plaintiffs are citizens of Mexico and the crash occurred there, the interest is slight.  Plaintiffs were not residing in Mexico at the time of the accident and had not for several years prior.  This was a single vehicle crash and no Mexican residents were involved.  The fact that the location of the accident was Mexico is fortuitous.  No Mexican defendant is being called upon to answer in damages in this case, see Pereznieto-Castro Decl., and Mexico has no interest whether a United States corporation will have to respond to plaintiffs' product liability claims.  See Dabbs v. Silver Eagle Mfg. Co., 98 Or. App. 581, 585 (1989); Frosty, 891 F. Supp. at 557-58.  Defendant is a Delaware corporation with its principal place of business in Michigan.  This action is brought by permanent United States residents domiciled in Oregon, and the Ford vehicle was purchased, garaged, maintained, repaired, and insured in Oregon, (Pls. Ex. 1 Jose Banuelos Rios Aff.[8]).  See W. Helicopter

---

[7] Defendant represents that its principal place of business is Michigan.  (Def. Mem. at 3.)

[8] The Jose Banuelos Rios affidavit referred to by plaintiffs in their opposition to defendant's motion is attached to plaintiff's memorandum in opposition to defendant's

Findings and Recommendation - Page 16

Servs., 728 F. Supp. at 1512. As alleged by plaintiffs, defendant does business in Oregon. Oregon has a substantial interest in seeing that its residents injured by a defective product are adequately compensated. See Frosty, 891 F. Supp. at 557. Any recovery by plaintiffs will be felt in Oregon, the state where plaintiffs are domiciled, and in Michigan.[9] Id.

Of the remaining relevant factors in Restatement § 6, none lead to a different result.

The court finds on this record that Oregon has the only substantial interests in having its laws applied here and, therefore, Oregon law applies to plaintiffs' compensatory damages claims. Defendant's motion to apply the laws of Mexico should be denied.

### III. RECOMMENDATION

Based on the foregoing, it is recommended that defendant's motion to apply the laws of Mexico to plaintiffs' compensatory damages claims (#8) be denied.

**This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.** Any notice of

---

motion to dismiss for forum non conveniens (#26).

[9] Defendant's assertion that the economic impact of any judgment recovered by plaintiffs will not be primarily felt in Oregon, but in Mexico, is speculative.

Findings and Recommendation - Page 17

appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  **The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections with the court.  Thereafter, the parties have ten days within which to file a response to the objections**.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

                            DATED this __14____ day of August, 2006.

                            _____/s/_____
                            UNITED STATES MAGISTRATE JUDGE