FILED'06 OCT 16 14:22 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JOSE BANUELOS RIOS, et al. | ) | Civil No. 05-0019-CO |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**PANNER, Judge.**

On August 14, 2006, Magistrate Judge Cooney filed his Findings and Recommendation ("F&R") (docket # 69), recommending that Defendant's Motion ( # 8) to Apply the Laws of Mexico to Plaintiffs' Compensatory Damages Claims be denied. Defendant timely filed objections. The matter is now before me for *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). I find no error.

The F&R correctly determined there is an actual conflict between the substantive laws of Mexico and Oregon. The F&R also correctly determined that Oregon has the most significant relationship with the occurrence and with the parties.

/ / / /

1 - ORDER

Defendant does not contend the parties had any relationship in Mexico. Rather, Defendant mainly emphasizes that Plaintiffs were born in Mexico. However, they chose to make their home in the United States. Plaintiffs obtained permanent resident status here. They lived and worked in Oregon, attended school here, and otherwise participated in the affairs of the community. Mexico may have an interest in ensuring its nationals are not mistreated while abroad,[1] but no one suggests that is occurring here. On the contrary, the surviving Plaintiffs want to pursue this action in an American court applying American law.

For its part, Oregon has a strong interest in ensuring the rights of all persons residing in this state, even those born elsewhere, and in protecting the interests of the surviving children who reside here. The accident may have occurred in Mexico, but the harm will be felt principally here in Oregon.

The only remaining connection suggested between Mexico and this case is the notion of *lex locus delicti*. However, it was this rigid rule that the RESTATEMENT (SECOND) OF CONFLICT OF LAWS supplanted. If, as the Complaint alleges, the accident resulted from a design defect, then the vehicle was an accident waiting to happen. That the defect manifested itself while Plaintiffs were vacationing in Mexico--and not in Oregon where Plaintiffs resided, and where the vehicle was purchased, maintained, insured, and usually driven--would be a mere fortuity.

/ / / /

---

[1] See, e.g., Sanchez-Llamas v. Oregon, ___ U.S. ___, 126 S. Ct. 2669 (2006); Breard v. Greene, 523 U.S. 371 (1998).

2 - ORDER

Defendant argues that the situs of the accident was no "fortuity" since Plaintiffs voluntarily drove to Mexico. However, the question is not whether Plaintiffs' <u>presence</u> in Mexico was inadvertent, but whether it was a fortuity the <u>accident</u> occurred in Mexico rather than in Oregon. Under Plaintiffs' theory of the case, it was.

Even assuming the accident resulted from driver error, as Defendant contends, nothing about the alleged error ties the case to Mexico, or warrants application of Mexican tort law.[2] In addition, because it was a single-vehicle accident, Mexico is not concerned with protecting the rights of any local persons involved.

Notably, this isn't a case in which an American vacationing in Mexico falls on the sidewalk in front of a local food stand, and then tries to subject the owner to American tort law duties of care and to American measures of damages. <u>Cf.</u> <u>Tonkon v. Denny's, Inc.</u>, 650 F. Supp. 119 (E.D. Pa.) (applying Mexican tort law to claim by American tourist who fell on a sidewalk fronting a restaurant in Mexico City; Mexico has its own standards regarding a store's duty to maintain the adjacent sidewalks).

The subject vehicle was designed, built, and sold in the United States. Defendant could certainly anticipate being subject to American tort law standards of care and liability, and to American measures of damages.

/ / / /

---

[2] Whether Mexican motor vehicle laws may be implicated, for instance, the local speed limit, is a separate matter. It does not warrant wholesale application of Mexican tort law.

3 - ORDER

## Conclusion

Magistrate Judge Cooney's Findings and Recommendation (# 69) are adopted. Defendant's Motion (# 8) to Apply the Laws of Mexico to Plaintiffs' Compensatory Damages Claims is denied.

IT IS SO ORDERED.

DATED this __16__ day of October, 2006.

_____
Owen M. Panner
United States District Judge

4 - ORDER